United States District Court
District of Massachusetts

```
_____
                             )
Intellectual Property        )
Development, Inc.,           )
                             )
         Plaintiff,          )
                             )
            v.               )   Civil Action No.
                             )   19-10228-NMG
Boise Cascade Engineered Wood)
Products, et al.,            )
                             )
         Defendant.          )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Intellectual Property Development, Inc. ("IPD") and its president, Glenn Robell ("Robell", collectively with IPD, "plaintiffs") filed a complaint in Massachusetts Superior Court alleging various state law claims against National Lumber Company ("National Lumber") and Warren Trask Company, Inc. ("Trask", collectively with National Lumber, "defendants").[1] Defendants counterclaimed against both plaintiffs seeking declaratory judgment that certain related patents of plaintiffs

---

[1] Boise Cascade Wood Products, LLC ("Boise"), also a named defendant, filed an assented to motion to dismiss in May, 2020, which is addressed by separate order of the Court.

were invalid and not infringed.  Defendants also removed the action to this Court pursuant to 28 U.S.C. § 1454(a).

After obtaining leave of Court, counsel for IPD and Robell withdrew.  To date, successor counsel has not appeared on behalf of IPD.  IPD, as a corporation, cannot represent itself. Local Rule 83.5.5(c); Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993).  It has been cautioned that failure to retain counsel may result in dismissal of its claims and default judgment. See id.  The individual plaintiff, Glenn Robell, may, of course, proceed pro se in this action.

Defendants filed separate motions seeking (1) dismissal of IPD's complaint, (2) default judgment on their counterclaims against IPD, (3) an order that plaintiffs are prohibited from opposing or challenging defendants' preliminary invalidity and non-infringement disclosures, etc., and (4) attorneys' fees and costs.

Magistrate Judge Jennifer C. Boal entered a Report and Recommendation ("R&R") on defendants' motions recommending that the Court (1) dismiss IPD's claims against defendants, (2) enter a default judgment against IPD on defendants' counterclaims, (3) deny defendants' request for attorneys' fees and costs, and (4) deny defendants' motion with respect to Robell.

## I.  **<u>Analysis</u>**

When a district judge refers a dispositive motion to a magistrate judge for recommended disposition, it must determine <u>de novo</u> any part of the magistrate judge's disposition to which an objection has been properly registered. Fed. R. Civ. P. 72(b)(3).

National Lumber objects to the R&R as internally inconsistent because it simultaneously recommends (1) entering default judgment on defendants' counterclaims of invalidity and non-infringement against IPD and (2) allowing Robell to defend the validity and enforcement of those same patents.

The Court agrees with Magistrate Judge Boal that IPD cannot proceed <u>pro se</u> and should be found in default.  Magistrate Judge Boal's R&R overlooks, however, the implications of entering a default judgment as to only one of the two counterclaim defendants.  This omission is of concern in light of Fed. R. Civ. P. 54(b) and <u>Frow</u> v. <u>De La Vega</u>, 82 U.S. 552, 554 (1872).

> When multiple parties are involved in an action,
>> the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).  In addition to assessing the just reasons for delay, the <u>Frow</u> doctrine provides that

> If the court . . . can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill. And such an incongruity, it seems, did actually occur in this case. Such a state of things is unseemly and absurd, as well as unauthorized by law.

Frow, 82 U.S. at 554.

The Frow doctrine addresses circumstances where, under plaintiff's demand for relief, judgment must be entered against all defendants to be effective. See Carter v. District of Columbia, 795 F.2d 116, 137 (D.C. Cir. 1986).  In Frow, the plaintiff alleged that the defendants conspired to deprive him of land. Frow, 82 U.S. at 554.  All defendants except for one timely answered the complaint. Id.  The court entered a default judgment against the late defendant. Id.  The remaining defendants ultimately prevailed at trial which resulted in an irreconcilable conflict. Id.  According to the default judgment, the plaintiff had title to the disputed tract but according to the trial result, there was a cloud on plaintiff's title. Id.  Faced with that illogical result, the United States Supreme Court concluded that the default judgment should have been withheld. Id.

In this case, if the Court enters default judgment against IPD on defendants' claims but Robell subsequently prevails at trial, the relevant patents would be simultaneously invalid and not infringed and valid and infringed.  In such circumstances, the Frow doctrine counsels against entry of default judgment until defendants' claims against Robell are resolved. See Pacific M. Intern. Corp. v. Raman Intern. Gems, Ltd., 888 F. Supp. 2d 385, 398-400 (S.D.N.Y. 2012) ("[I]n order to prevent the possibility of inconsistent judgments . . . plaintiff's motion . . . should be granted only to the extent of noting [defendant's] default and deeming its liability established."). The Court will not, therefore, enter a default judgment against IPD at this time but will dismiss IPD's claims against defendants and order that IPD is prohibited from opposing or challenging defendants' preliminary invalidity and non-infringement disclosures, list of claims to be construed and proposed constructions and preliminary construction brief.  The Court will not, however, award attorneys' fees to defendants.

**ORDER**

For the foregoing reasons, the Report and Recommendation of Magistrate Judge Jennifer Boal (Docket No. 112) is

(a) with respect to plaintiff Glenn Robell, **ACCEPTED and ADOPTED**; and

(b) with respect to plaintiff Intellectual Property Development, Inc. ("IPD"), **REJECTED**.

The motions of defendants National Lumber Company and Warren Trask Company for default judgment, sanctions and dismissal against IPD (Docket Nos. 100, 101) are

(a) with respect to defendants' request for entry of default judgment against IPD, **DENIED without prejudice**;

(b) with respect to defendants' request for dismissal of IPD's complaint, **ALLOWED**; and

(c) with respect to defendants' request that IPD be prohibited from opposing or challenging defendants' preliminary invalidity and non-infringement disclosures, list of claims to be construed and

        proposed constructions and preliminary construction brief, **ALLOWED**; and

(d)    with respect to defendants' request for attorneys' fees and costs, **DENIED**.

**So ordered.**

                                      <u>/s/ Nathaniel M. Gorton</u>
                                      Nathaniel M. Gorton
                                        United States District Judge

Dated August 14, 2020